RENDERED: JULY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0799-MR

J. ALBERT HARRISON                                          APPELLANT

                          APPEAL FROM OLDHAM CIRCUIT COURT
v.                        HONORABLE JERRY D. CROSBY, II, JUDGE
                          ACTION NO. 22-CI-00448

OLDHAM COUNTY ETHICS
COMMISSION; ANN BROWN,
CHAIR; DAVID VOEGELE, JUDGE
EXECUTIVE; AND JOHN K.
CARTER, OLDHAM COUNTY
ATTORNEY                                                    APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: J. Albert Harrison ("Harrison") appeals the Oldham Circuit

Court's denial of an award of costs, fees, and penalties under KRS[1] 61.848(6) for

---

[1] Kentucky Revised Statutes.

violations of the Kentucky Open Meetings Act[2] ("OMA").  Finding no error, we affirm.

On June 30, 2022, Harrison filed an ethics complaint with the Oldham County Ethics Commission ("Commission") against Oldham County Judge Executive David Voegele.  The Commission noticed a special meeting to review Harrison's complaint, but the notice failed to include the meeting's agenda, as required by the OMA.[3]  At the meeting, the Commission voted to conduct the review in a closed session but did not state the reason for the closed session or the specific provision authorizing the closed session as further required by the OMA.[4]  After considering Harrison's complaint, the Commission determined the allegations were insufficient to support an ethics violation and ended the meeting.

Upon learning of the Commission's decision, Harrison filed a written complaint with the Commission pursuant to KRS 61.846(1) alleging various violations of the OMA.  Harrison requested the Commission reconvene to reconsider his complaint and comply with the requirements of the OMA.  In response, the Commission admitted it failed to include an agenda in its notice of the special meeting and to identify statutory authority for the closed session, as

---

[2] KRS 61.805 *et seq.*

[3] KRS 61.823(3).

[4] KRS 61.815(1)(a).

required by the OMA. It explained the county attorney advised the Commission "early on of these failures and takes full responsibility for their omission. The [Commission] has noted these deficiencies to ensure their compliance in the future." However, it denied failing to state the reason for the closed session and stood by its previous decision.

Harrison then appealed the Commission's denial of his request to remedy the alleged violations to the Attorney General per KRS 61.846(2). The Attorney General found the Commission failed to comply with certain provisions of the OMA but as to others, found the Commission was exempt. Harrison filed an action in Oldham Circuit Court under KRS 61.846(4)(a) and KRS 61.848 challenging the Attorney General's decision and seeking costs, attorneys' fees, and penalties pursuant to KRS 61.848(6).

The circuit court ruled the Commission violated the OMA: (1) by failing to include an agenda in its notice of the special meeting (KRS 61.823(3)); (2) by failing to identify the reason for, and statutory provision authorizing, a closed session (KRS 61.815(1)(a)); and (3) by taking final action during a closed session (KRS 61.815(1)(c)), and remanded the matter for the Commission to conduct a meeting in accordance with the OMA. However, the court declined to award costs, attorneys' fees, and penalties under KRS 61.848(6), finding the Commission's violations were not willful. The circuit court looked to case law

interpreting the substantially similar provision in the Open Records Act ("ORA"), and held that for a violation to be willful, there must be evidence of bad faith. It concluded Harrison had presented no evidence of either willfulness or bad faith. This appeal followed.

The sole issue on appeal is whether the circuit court erred in denying Harrison's request for costs, attorneys' fees, and penalties. "Under KRS 61.848(6), the court may award costs, including reasonable attorneys' fees, to any person who prevails against an agency "'where the violation is found to be willful.'" *Board of Commissioners of City of Danville v. Advocate Communications, Inc.*, 527 S.W.3d 803, 808 (Ky. 2017). Further, even "[w]here 'willfulness' is found, the statute still leaves the imposition of fees, costs, and/or penalties to the trial court's discretion. ('Any person who prevails . . . may . . . be awarded costs.')." *City of Fort Thomas v. Cincinnati Enquirer*, 406 S.W.3d 842, 854 (Ky. 2013). The circuit court's "decision on the issue of willfulness is a finding of fact and, as such, will not be disturbed unless clearly erroneous." *Bowling v. Lexington-Fayette Urban Cnty. Government*, 172 S.W.3d 333, 343-44 (Ky. 2005) (citations omitted). The circuit court's construction of the OMA is reviewed *de novo*. *See City of Fort Thomas*, 406 S.W.3d at 849.

There are no published Kentucky cases interpreting KRS 61.848(6); therefore, the circuit court properly looked to caselaw interpreting the ORA's

comparable fee-shifting statute. Because the statutes are substantially similar, cases interpreting the "willfulness" requirement of the ORA apply to the OMA's "willful" standard. In *Bowling*, our Supreme Court held that an agency's "mere refusal to furnish records based on a good faith claim of a statutory exemption . . . [though] incorrect, is insufficient to establish a willful violation of the Act. In other words, *a technical violation of the Act is not enough; the existence of bad faith is required*." *Bowling*, 172 S.W.3d at 343 (emphasis added) (citations omitted).

In *City of Fort Thomas*, the Court reiterated "[m]ore is required to trigger this sanction than the erroneous denial of an ORA request." 406 S.W.3d at 854. Citing *Bowling*, it noted that while "'[w]illfulness' and 'bad faith' are not necessarily synonymous . . . 'willful' connotes that the agency withheld requested records without plausible justification and with conscious disregard of the requester's rights." *Id.*

Harrison argues the circuit court erred in holding the OMA requires a showing of bad faith to award attorneys' fees and costs. Instead, relying on *City of Fort Thomas*, he claims a "public agency's inability to provide plausible justification for its violation of the Act is sufficient to justify an award of costs, fees, and penalties." According to Harrison, bad faith is not a separate standard but simply the absence of a good faith statutory exemption. Because the Commission

-5-

never provided any legal justification for violating the OMA,[5] Harrison believes he is entitled to attorneys' fees and costs.

Harrison misconstrues the circuit court's holding and the relevant case law. First, the court's ruling was not based solely on the absence of bad faith. The ultimate question for the court was whether the Commission's OMA violations were willful. A violation is willful if it is "without plausible justification and with conscious disregard of the requester's rights." *City of Fort Thomas*, 406 S.W.3d at 854. The court found Harrison had presented no evidence of willfulness except to argue the number of violations alone demonstrates willfulness.

As noted above, the question of willfulness is a finding of fact and will not be disturbed unless clearly erroneous. Here, substantial evidence supports the circuit court's finding the Commission did not willfully violate the OMA. In a letter from the Commission to Harrison, Ann Brown, the Commission's chairperson, acknowledged the violations and claimed she was advised of them by the County Attorney "early on." She took note of the deficiencies "to ensure their compliance in the future." This suggests the Commission's failures to strictly comply with the OMA were accidental, not willful.

---

[5] As acknowledged in a footnote in Harrison's brief, the Commission did provide legal justification for violating the act. In response to Harrison's summary judgment motion, the Commission argued it was exempt from KRS 61.815(1)'s requirements under KRS 61.815(2).

Harrison seems to argue the willfulness standard outlined in *City of Fort Thomas* superseded the "bad faith" standard of *Bowling*. We read *City of Fort Thomas* as an attempt to clarify that standard. *City of Fort Thomas* reaffirmed that a simple ORA (or OMA) violation is insufficient to trigger the statutory sanction. The agency's actions must be "willful," which *Bowling* described as "bad faith" and *City of Fort Thomas* interpreted as "without plausible justification *and with conscious disregard of the requester's rights*." *City of Fort Thomas*, 406 S.W.3d at 854 (emphasis added); *see also Bowling*, 172 S.W.3d at 343.

Harrison gives minimal attention to this second half of the sentence in his brief, merely claiming the violations themselves evince a conscious disregard for his rights. But again, Harrison has put forth no evidence the Commission willfully violated the OMA. Even if the lack of a plausible justification alone was enough to warrant possible sanction, the evidence here suggests a plausible justification for the violations: inadvertence. In sum, we cannot say the circuit court's finding concerning willfulness was clearly erroneous or its denial of costs and fees was an abuse of discretion.

Therefore, the Oldham Circuit Court's order is affirmed.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeremy S. Rogers
Suzanne M. Marino
Louisville, Kentucky

BRIEF FOR APPELLEE:

Carol Schureck Petitt
Connor E. Sturgill
Pewee Valley, Kentucky